IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JORDAN AHENAKEW, | Cause No. CV 26-272-GF-DWM |
| Petitioner, | |
| vs. | ORDER |
| SHERIFF JESSE SLAUGHTER, | |
| Respondent. | |

This matter is before the Court on a pro se petition for a writ of habeas corpus under 28 U.S.C. §2241, filed by state prisoner Jordan Ahenakew ("Ahenakew"). *See*, (Doc. 1). Ahenakew challenges a March 3, 2026 conviction for Escape handed down in Montana's Eighth Judicial District, Cascade County. (*Id.* at 1, ¶4.)

Ahenakew also seeks leave to proceed in forma pauperis. (Doc. 2.) Although he has not filed a copy of his inmate account statement, there is no reason to delay this matter further. The motion will be granted.

**Background**

In his petition, Ahenakew alleges that the State of Montana's criminal charging process was defective. (*See* Doc. 1 at 6.) Ahenakew suggests that because the district court judge was part of the "information accusatory process"

1

he should not have presided over the subsequent criminal proceedings. Because the judge in Ahenakew's case participated in both phases, Ahenakew asserts that there was a lack of neutrality and impartiality. (*Id.*) Ahenakew alleges that this is a miscarriage of justice and violated his right due process. Ahenakew further asserts that he was not provided adequate notice of the procedure, nor was he allowed to contest the information. (*Id.*) Ahenakew believes that charging by information can only be utilized in misdemeanor cases and was never intended by the Montana Legislature as a process to be used to prosecute felonies. (*Id.* at 6-7.) By allowing this defective process to continue, Ahenakew asserts that the district courts and the Montana Supreme Court have violated the separation of powers doctrine. (*Id.* at 7.)

As a result of this process, Ahenakew claims that the district court lacked jurisdiction to preside over his criminal matter or to impose sentence. Ahenakew requests that he be released immediately and that the charges against him be dismissed with prejudice. (*Id.*)

**Discussion**

Habeas Rule 4 requires the Court to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F. 3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory,

palpably incredible, false, or plagued by procedural defects. *Hendricks v. Vasquez*, 908 F. 2d 490, 491 (9th Cir. 1990)(collecting cases); *see also, Boyd v. Thompson*, 147 F. 3d 1124, 1128 (9th Cir. 1998).

As an initial matter, Ahenakew improperly filed this petition under 28 U.S.C. §2241 instead of §2254. The determination of whether a petitioner must proceed under 28 U.S.C. §2254, rather than §2241, is a status inquiry directed to the source of petitioner's custody rather than the target of his challenge. *Shelby v. Bartlett*, 391 F. 3d 1061, 1063-64 (9th Cir. 2004). Ahenakew is in custody pursuant to his recent state conviction and sentence. Thus, §2254, is the only potential avenue of federal habeas relief.

Additionally, even if Ahenakew had been charged in violation of state law, "only noncompliance with *federal* law…renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010)(per curiam)(emphasis in original). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). To the extent that Ahenakew is alleging violation of state law, he does not allege a basis upon which federal relief may be granted.

Second, there was no violation of state law. The Montana Supreme Court is the highest authority in the land- superior to even the United States Supreme Court- on the content and meaning of Montana law. *See e.g., Estelle v. McGuire,*

3

502 U.S. 62, 67-68 (1991)("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993)("There is no doubt that we are bound by a state court's construction of a state statute.").  The Montana Supreme Court held the use of an information in the charging process does not violate state law.  *See e.g., Kenfield v. State*, 2016 MT 197, ¶ 21, 384 Mont. 322, 377 P. 3d 1207.

Moreover, Montana's specific constitutional and statutory provisions define a district court's jurisdiction and delineate the four procedural vehicles available to commence a state prosecution.  Indeed, one of these vehicles is via the filing of an information.  Mont. Const. art. II, § 20(1) and art. VII, §4(1); Mont. Code Ann. §§ 3-5-301(1), -302(1)(a), and 46-11-101(1)-(4).  "The district court has original jurisdiction in all criminal cases amounting to felony…" Mont. Const. art. VII, § 4(1).  Ahenakew's argument relative to Montana's criminal charging process and the state district court's purported lack of jurisdiction is frivolous.

To the extent that Ahenakew alleges a violation of federal law, there was no such violation.  Montana's statutes governing pretrial proceedings in criminal cases parallel federal law. A person who is arrested is entitled to an initial appearance to be advised of the charge and his rights and for a decision as to release. Probable cause is not an issue in an initial appearance. *See,* Mont. Code Ann. §§ 46-7-

4

101(1); Fed. R. Crim. P. 5(d), 58(b)(2). A preliminary examination (or, in federal law, a preliminary hearing) is designed to determine whether a charge is supported by probable cause. A preliminary examination or hearing is required when a person faces a charge that cannot be tried in a state justice court or a federal magistrate judge's court, but it is not required if an information is filed or an indictment is returned. Both an information and an indictment indicate probable cause has already been found to support the charge, so a preliminary examination or hearing is moot. *See* Mont. Code Ann. §§ 46-10-105(2)-(4), -203; Fed. R. Crim. P. 5.1(a)(2)-(5), (e); *United States v. Calandra*, 414 U.S. 338, 342-46 (1974).

It appears Ahenakew may be attempting to argue federal law is violated when state law does not entitle defendants to indictment by grand jury; he is mistaken. The United States Supreme Court has recognized for over one hundred years that a State may choose to charge a defendant by information. *See, Hurtado v. California*, 110 U.S. 516, 538 (1884). Moreover, The Fifth Amendment Grand Jury Clause, which guarantees indictment by grand jury in federal prosecutions, was not incorporated by the Fourteenth Amendment to apply to the states. *See, Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972) (noting that "indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment"); *see also, Rose v. Mitchell*, 443 U.S. 545, 557 n. 7 (1979); *Gerstein v. Pugh*, 420 U.S. 103, 118-119 (1975); *Alexander*

5

*v. Louisiana*, 405 U.S. 625, 633 (1972); *Beck v. Washington*, 369 U.S. 541, 545 (1962); *Gaines v. Washington*, 227 U.S. 81, 86 (1928). Ahenakew was not entitled to an indictment by a grand jury.

The allegations advanced by Ahenakew are frivolous. The petition will be denied because the claims are conclusively lacking in merit. *See*, Rule 4, Rules Governing §2254 Cases.

**Certificate of Appealability**

Finally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Ahenakew has not made a substantial showing that he was deprived of a federal constitutional right. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Ahenakew's Petition (Doc. 1) is DENIED for lack of merit.

2. Ahenakew's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to enter a judgment in favor of Respondent and against Petitioner.

4. A certificate of appealability is DENIED.

DATED this _9th_ day of July, 2026.

_____
Donald W. Molloy, District Judge
United States District Court

7